**[J-45-2025] [MO: McCaffery, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

| | | |
|---|---|---|
| HEATHER HONEY | : | No. 79 MAP 2024 |
| | : | |
| | : | Appeal from the Order of the |
| v. | : | Commonwealth Court at No. 57 CD |
| | : | 2023, entered on March 4, 2024, |
| | : | Reversing the Lower Court Order of |
| LYCOMING COUNTY OFFICES OF | : | the Lycoming County Court of |
| VOTER SERVICES | : | Common Pleas at No. CV-22-00115- |
| | : | OR, entered on December 16, 2022. |
| | : | |
| APPEAL OF:  JEFFREY J. STROEHMANN, | : | ARGUED:  May 30, 2025 |
| DONALD C. PETERS, AND JOSEPH D. | : | |
| HAMM | : | |

**CONCURRING OPINION**

**JUSTICE WECHT**                    **DECIDED:  April 28, 2026**

I join the Court's Opinion.  Under any straightforward, plain-English analysis, it is incontestable that cast vote records ("CVRs") are not "the contents of ballot boxes and voting machines."[1]  CVRs are, as the Majority aptly describes, akin to "spreadsheet reports" generated after electors have cast their votes.[2]  CVRs are not contained in "ballot boxes and voting machines," so they cannot be "contents."  As a result, CVRs are not exempt from public disclosure.  That is the end of this case.

The Commonwealth Court's contrary holding conceded that Section 308 of the Election Code is unambiguous while at the same time insisting that this lack of ambiguity required CVRs to be deemed "contents of ballot boxes and voting machines" within the

---

[1]     25 P.S. § 2648.  This is denominated Section 308 of the Election Code.

[2]     Maj. Op. at 30.

meaning of that section.[3]  The Commonwealth Court achieved this sleight of hand by declaring that CVRs are "digitally equivalent" to such "contents."[4]  At the same time, that court observed that the Election Code is not a "model of clarity" and that the relationship between "voting machines" and Electronic Voting Systems is "not straightforwardly apparent."[5]  This latter hedging provided the stepstool from which the Commonwealth Court then leaped into its construction of CVRs as "contents," buttressing its conclusion with the insistence that any contrary reading would be "absurd."[6]  This analytical straddle also provides the basis for the arguments that Lycoming County Offices of Voter Services and their *amici curiae* have made in this appeal, invoking and discussing interpretive factors permissible only in the event of ambiguity, such as the consequences of alternative interpretations and administrative interpretations of the statute.[7]

Either the statute is clear or it is not.  It can't be both.  Here, it is clear.  It just is clear in a way that the Commonwealth Court majority and Lycoming County Offices of Voter Services and its *amici* dislike.  Perhaps they all are correct as to the policy infirmities of this result.  If so, their remedy lies in awakening the slumbering General Assembly to its failure to modernize the language of a provision it drafted in 1937, language that has not changed since.  Citizens should be entitled to expect their legislators to address and account for advances in voting technologies more frequently than on a centennial basis.

---

[3]  *Honey v. Lycoming Cnty. Offices of Voter Servs.*, 312 A.3d 942, 954 (Pa. Cmwlth. 2024).

[4]  *Id*.

[5]  *Id*. at 950.

[6]  *Id*. at 954.

[7]  1 Pa.C.S. §§ 1921(c)(6), (c)(8).